Lanzinger, J.,
concurring in judgment only.
{¶ 24} While I concur in the judgment in this case, I write separately to note that prosecution under R.C. 2919.21 for the nonpayment of child support after a child reaches 18 years old is not prohibited in every case. On this point, I respectfully disagree with the court’s analysis. Nevertheless, I agree with the majority that criminal prosecution in this case fails because the state did not exercise due diligence in issuing and executing process on the indictment against Pittman.
{¶ 25} It is undisputed that Pittman was legally obligated to pay child support for his two daughters, who were born August 31, 1988, until they turned 18 years old in 2006. And there is no argument that over $68,000 is still owed to Alma Douglas, the children’s mother, for child-support arrearages.
{¶ 26} R.C. 2919.21(B), the section Pittman was charged with violating, states, “No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support.” (Emphasis added.) I can accept that this language limits prosecutions based on child-support orders to those with current obligations rather than arrearages. But I disagree with the statement that “Pittman’s criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated.” Majority opinion at ¶ 19.
{¶ 27} R.C. 2919.21(A)(2) provides, “No person shall abandon, or fail to provide adequate support to * * * [t]he person’s child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one.” Violation of this section is a first-degree misdemeanor or, depending upon previous similar convictions, a felony of the fifth or fourth degree. R.C. 2919.21(G)(1). The six-year statute of limitations for a felony did not expire in Pittman’s situation until August 2012. If the state had properly brought a criminal action within that time under R.C. 2929.21(A), the court order could have been used as evidence of the nonsupport of his daughters, even though they were beyond the age of majority.
*119 Brent W. Yager, Marion County Prosecuting Attorney, and Megan K. Frericks, Assistant Prosecuting Attorney, for appellant.
Rocky Ratliff and Jeff Ratliff, for appellee.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Hannah C. Wilson, Deputy Solicitor, and Jeffrey Jarosch, Assistant Attorney General, urging reversal for amicus curiae Ohio Attorney General.
{¶ 28} Finally, it should be noted that Alma Douglas has her rights under R.C. Chapter 3123 to a civil remedy. What has been foreclosed here is criminal prosecution.
{¶ 29} For these reasons, I concur only in the court’s decision to affirm the judgment of the Third District Court of Appeals.
O’Connor, C.J., and French, J., concur in the foregoing opinion.